under occupational disease claim, the commission ruling that pulmonary tuberculosis is not an occupational disease.

Attorneys—G. H. Phelps, Findlay for State ex; C. C. Crabbe, Atty. Gen., and R. R. Zurmehly, Columbus, for Commission.

---

No. 906

STATE ex rel v. COWLEY

No. 20019. Supreme Court

On motion to certify; Dock. July 28, 1926; 4 Abs. 525.

480. EVIDENCE—Is evidence of expenses in taking care of child, and mother, and payment of attorney fees incurred by mother, admissible in bastardy proceedings?

It is the contention of defendant Cowley that expenses of taking care of mother and child from child's birth, and also payment of attorney fees for enforcing same, are admissible in evidence in a bastardy proceeding.

Attorneys—F. M. Stevens, W. P. Hyman for State; Fauver & Cheney for Cowley; all of Elyria.

---

No. 907

BURK v. LINK

No. 20020. Supreme Court

On motion to certify; Dock. July 28, 1926; 4 Abs. 525.

1100. SPECIFIC PERFORMANCE—Is one who fails to read land contract before signing and then refuses to sell when learning of its terms subject to specific permormance?

Link contends that he is not subject to a decree of specific performance when he signed contract for sale of land without reading said contract and that he had the right when he learned of its terms to refuse to sell.

Attorneys—Buonpane & Buonpane for Burk; Cull, Burton & Laughlin for Link; all of Cleveland.

---

No. 909

KNOLL v. SEIFERT

No. 20021. Supreme Court

On motion to certify. Dock. July 29, 1926; 4 Abs. 525.

829. NEGLIGENCE—Is one liable for fires started on one's land when such fires are in close proximity to adjoining owners buildings?

Knoll contends in the Supreme Court that a person is not liable for fires started on one's premises although such fires are in close proximity to adjoining buildings.

Attorneys—J. V. Keeley, West Salem, and A. Van Epp, Medina, for Knoll; J. A. Weber, Medina, for Seifert.

---

No. 910

WELLS v. CANAVAN

No. 20025. Supreme Court

On motion to certify. Dock. July 29, 1926; 4 Abs. 525.

639. INJUNCTION—Shall it be denied one, who attempts to enjoin the erection of billboard in restricted residence district in violation of building restrictions of allotment?

Wells contends in Supreme Court that an injunction shall not be denied when such is taken to enjoin one from erecting a billboard in restricted residence district in violation of building restrictions of allotment.

Attorneys—E. H. Wells for Wells; Rosco Ewing for Canavan; both of Cleveland.

---

No. 911

TOMKO v. W. L. E. RR.

No. 20026. Supreme Court

On motion to certify. Dock. July 30, 1926; 4 Abs. 525.

829. NEGLIGENCE—Is Railroad Co. liable to window washer under 6242 GC. when he slips on orange peel while engaged in washing windows of intrastate coaches?

Tomko contends that Railroad Co. is liable under 6242 GC. to employ engaged in washing wnidows of intrastate coaches when he slips on an orange peel on step of one of said coaches.

Attorneys—DeKaiser & Harrison for Tomko; Squire, Sanders & Dempsey for Company; all of Cleveland.

---

No. 912

BREWER PRODUCE CO. v. LONG CO.

No. 20027. Supreme Court

On motion to certify. Dock. July 30, 1926; 4 Abs. 525.

54. AGENCY—Does fact that commission merchant departed from duty so as to sell quickly, though acting in good faith and justified by conditions, release liability of agency?

The Brewer Co. contends in the Supreme Court that a commission merchant is not liable although he departed from duty, to sell quickly, if agent acted in good faith and surrounding conditions justified his actions.

Attorneys—F. A. Green for Produce Co.; Leighley, Halle, Haber & Berick for Long Co.; all of Cleveland.

---

No. 913

PARK COM. (Cleveland) v. WYMAN

No. 20029. Supreme Court

On motion to certify. Dock. July 31, 1926; 4 Abs. 525.

455. EMINENT DOMAIN—Does failure to comply with 3627 GC. abrogate right of Commissio nin eminent domain proceedings?

The Commissioners claim in Supreme Court that failure to comply with 3627 GC. does not abrogate their right to appropriate property by eminent domain proceednigs.

Attorneys—Locher, Green & Woods, Cleveland; Arthur Van Epp, Medina, for Wyman.